UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



UNITED STATES OF AMERICA

-v-                                                    02-10011-01-T

GARY DEWAYNE ROSS

C. Mark Donahoe, CJA
Defense Attorney
P. O. Box 98
Jackson, TN 38302

---

## JUDGMENT PURSUANT TO RE-SENTENCING
(For Offenses Committed On or After November 1, 1987)

The defendant was found guilty on Count 2, 3, 4, 5, 6, 7, 8, 9 and 10 of the Indictment on July 19, 2002. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC §841(a)(1) | Possession with Intent to Distribute Controlled Substances | 04/06/2001 | 2, 4, 5 |
| 21 U.S.C. §841(a)(1) | Possession with Intent to Distribute Cocaine Base | 04/06/2001 | 3 |
| 18 U.S.C. §924(c)(1)(2) | Possession of Firearm During and in Relation to a Drug Trafficking Crime | 04/06/2001 | 6 |
| 21 U.S.C. §841(a)(1) & 18 U.S.C. §2 | Possession with Intent to Distribute Controlled Substances; Aiding and Abetting | 05/07/2001 | 7 |
| 21 U.S.C. §841(a)(1) & 18 U.S.C. §2 | Possession with Intent to Distribute Controlled Substances; Aiding and Abetting | 05/17/2001 | 8 |
| 21 U.S.C. §841(a)(1) & 18 U.S.C. §2 | Possession with Intent to Distribute Controlled Substances; Aiding and Abetting | 05/24/2001 | 9 |
| 21 U.S.C. §841(a)(1) & 18 U.S.C. §2 | Distribution of Cocaine Base; Aiding and Abetting | 08/29/2001 | 10 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 10/20/05

Case No: 1:02cr10011-01-T   Defendant Name: Gary Dewayne Ross                Page 2 of 6

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 04/23/1957
Deft's U.S. Marshal No.:    18080-076

Date of Imposition of Sentence:
October 18, 2005

Defendant's Mailing Address:
145 Dustin Drive
Jackson, TN   38301

*James D. Todd* (signature)

JAMES D. TODD
CHIEF UNITED STATES DISTRICT JUDGE

October __19__, 2005

Case No: 1:02cr10011-01-T   Defendant Name: Gary Dewayne Ross   Page 3 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **87 Months**, on each of Counts 2, 3, 4, 5, 7, 8, 9 and 10, to run concurrently and **60 Months** on Count 6, to run consecutively to the sentence imposed in Counts 2, 3, 4, 5, 7, 8, 9 and 10, for a total of **147 Months**.

The Court recommends to the Bureau of Prisons: Institution where the defendant can participate in a drug treatment program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case No: 1:02cr10011-01-T   Defendant Name: Gary Dewayne Ross                              Page 4 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** on Count 10, **3 years** on Counts 2, 4, 5, 6, 7, 8 and 9 and **4 years** on County 3, all concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.

2. The defendant shall cooperate with the United States Probation Office in the collection of DNA.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$900.00** | | |

The Special Assessment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No Restitution was ordered.



# Notice of Distribution

This notice confirms a copy of the document docketed as number 128 in case 1:02-CR-10011 was distributed by fax, mail, or direct printing on October 20, 2005 to the parties listed.

---

C. Mark Donahoe
HARDEE MARTIN DAUSTER & DONAHOE
P.O. Box 98
Jackson, TN 38302

Victor Lee Ivy
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT